UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAKEBREAD ART ANTIQUES COLLECTABLES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-12737**<br>**REF: ALL CASES** |
| **LESLIE KENO ET AL.** | **SECTION I** |

### ORDER AND REASONS

Defendants have filed a motion[1] for partial dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion seeks dismissal of all claims other than breach of contract. In addition, the motion requests that the Court strike the allegedly scandalous reference to "auction misconduct" in plaintiff's complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. For the following reasons, the Rule 12(b)(6) motion for a partial dismissal is granted, but the Rule 12(f) request to strike is denied.

### I.

Plaintiff is an auction house located in New Orleans. Defendants Leigh Keno and Leslie Keno are brothers who own defendant Keno Art Advisory, LLC. The Keno brothers are appraisers and auctioneers who have appeared on the television programs "Antiques Roadshow" and "Buried Treasure," and who also own and operate an auction house in New York City. Defendants are, as plaintiff describes them, "sophisticated auction consumers."

---

[1] R. Doc. No. 13. Plaintiff's opposition is found at R. Doc. No. 16.

The amended complaint alleges that defendants participated in an auction hosted by the plaintiff on April 23 and April 24, 2016. Most, if not all, of the items auctioned were held by the plaintiff on consignment. In other words, the auction house did not actually own the items at the time of the auction but rather sold them on behalf of the items' owners and earned a commission for doing so.

In order to gain access to the plaintiff's auction, defendants agreed to certain "Conditions of Sale." The Conditions explained that a successful bid is considered a sale and that participants in the auction would be personally liable for the purchase price of any sales into which they entered. The Conditions further provided that the purchase price must be paid no later than 4:30 p.m. central time on the fifteenth calendar day following the conclusion of the auction.

By the close of the auction, Leigh and Leslie had allegedly purchased approximately $400,000 dollars' worth of "lots"—the term used to designate specific items of property offered for sale at an auction. Plaintiff claims that the Keno brothers artificially inflated the prices for many of the lots they won by placing simultaneous bids for the same lot, with Leslie bidding online against Leigh who was bidding by telephone. By this method, the Keno brothers allegedly ensured that the winning bid for a particular lot would far exceed the lot's appraised value.[2] Ultimately, defendants' bids accounted for approximately half of the value of the lots auctioned by plaintiff.

---

[2] During a status conference with the Court, plaintiff suggested that defendants bid in this manner because they were purchasing the items on behalf of clients and defendants' fees are tied to the sales prices of the items obtained. That supposition remains unverified.

Defendants allegedly failed to pay for the majority of the lots they won. In subsequent email and telephone exchanges with the plaintiff, defendants confirmed their liability for the amounts owed but claimed inability to pay. Concerned about hurting its relationship with its clients, plaintiff paid the clients for the sales price of the items purchased by defendants.

Plaintiff filed this lawsuit seeking to recover the amounts of those unpaid sales as well as damages for the alleged injury to plaintiff's business reputation. The complaint not only claims that Louisiana law entitles plaintiff to recover what it is owed under the contracts with defendants, but also that Leigh and Leslie's alleged practice of simultaneously bidding on the same object in order to drive up the price is itself unlawful and entitles plaintiff to certain special and general damages. Specifically, the complaint asserts claims for negligence, tortious interference with business operations, and detrimental reliance.

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the Court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiffs. *Hunter v. Berkshire Hathaway, Inc.*, No. 15-10854, 2016 WL 3710253, at *3 (5th Cir. July 11, 2016) (citation omitted). The court generally must not consider any information outside the pleadings in deciding the motion, *Sullivan v. Leor Energy*, LLC, 600 F.3d 542, 546 (5th Cir. 2010), however "a court may consider documents outside the complaint when they are: (1) attached

3

to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." *Maloney Gaming Mgmt.*, 2011 WL 5903498 (5th Cir. 2011).

For the complaint to survive a motion to dismiss, the facts taken as true must state a claim that is plausible on its face. *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 637-38 (5th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation omitted) (internal quotation marks omitted). The Court cannot grant a motion to dismiss under Rule 12(b)(6) "unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

### III.

Plaintiff has no stated claim for negligence under Louisiana Civil Code article 2315. To recover for negligence a plaintiff must prove each of five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant's conduct failed to conform to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries;

(4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014). "A plaintiff's failure to prove any one of these elements results in a determination of no liability." *Id.*

Plaintiff does not clearly articulate how defendants were negligent. The complaint appears to allege that the Keno brothers acted negligently by entering into contracts with the knowledge that they would be unable to perform their contractual obligations.[3] While the Court must accept as true the plaintiff's factual allegation that the Keno brothers knew they had liquidity problems prior to entering the contracts, the Court need not accept as true the plaintiff's assertion that the Keno brothers had a legal duty to refrain from behaving in such a manner. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Saenz v. City of El Paso, Tex.*, No. 14-CV-244, 2015 WL 4590320, at *10 (W.D. Tex. Jan. 26, 2015) (internal quotations and citations omitted) (plaintiff's allegation that defendants "were negligent in the use or misuse of firearms" was "a legal conclusion couched as a factual allegation, which is not entitled to the assumption of truth for purposes of assessing a motion to dismiss").

The distinction between an action on a contract and a tort action is that "the former flows from the breach of a special obligation contractually assumed by the

---

[3] R. Doc. No. 12, at 16 ¶ 83.

5

obligor, whereas the latter flows from the violation of a general duty owed to all persons." *Certain Underwriters at Lloyd's, London v. Sea-Lar Mgmt.*, 787 So.2d 1069, 1075 (La. App. 4th Cir. 2001) (internal quotations omitted). Whether a legal duty is owed is a question of law. T*errebonne Concrete, LLC v. CEC Enterprises, LLC*, 76 So. 3d 502, 510 (La. App. 1 Cir. 2011).

Under Louisiana law, there is no general duty to disclose material financial information unless "the parties stand in some confidential or fiduciary relation to one another." *See Louisiana State Univ. Sys. Research & Tech. Found. v. Qyntessa Biologics, L.L.C.*, 168 So. 3d 468, 474 (La. App. 1 Cir. 2014). The auction house does not claim that it had a confidential or fiduciary relationship with the Keno brothers, and it is clear under Louisiana law and the alleged circumstances that no such relationship existed between the parties prior to their entering into the subject contracts. *See* T*errebonne Concrete, LLC*, 76 So. 3d at 510 ("The defining characteristic of a fiduciary relationship is the special relationship of confidence or trust imposed by one in another who undertakes to act primarily for the benefit of the principal in a particular endeavor."); *Louisiana State Univ.*, 168 So. 3d at 474 n.6 ("While the most frequent illustrations are those of trustee and beneficiary, attorney and client, parent and child, or husband and wife, a confidential relationship also embraces partners and co-partners, principal and agent, master and servant, physician and patient, and generally all persons who are associated by any relation of trust and confidence.").

Before entering into a contract, the Keno brothers had no general duty under Louisiana law to inform the plaintiff of their alleged liquidity problem. Because the defendants had no such duty, plaintiff's negligence claim fails.

## IV.

Plaintiff also has no stated claim for tortious interference with business operations. The auction house cites this Court's opinion in *Dorsey v. N. Life Ins. Co.*, No. 04-0342, 2005 WL 2036738, at *15 (E.D. La. Aug. 15, 2005), for the proposition that tortious interference with a business occurs where the defendants engage in "malicious and wanton interference" with a business. But this Court explained in *Dorsey* that "[a] plaintiff bringing a claim for tortious interference with business must ultimately show 'by a preponderance of the evidence that the defendant improperly influenced others not to deal with the plaintiff.'" *Id.* (quoting *Junior Money Bags, Ltd. v. Segal*, 970 F.2d 1, 10 (5th Cir. 1992)). Such is not the allegation here.

The complaint nowhere alleges that the Keno brothers improperly persuaded others not to do business with the auction house. Moreover, the "narrow" and "very limited" remedy of tortious interference with a business is reserved for situations in which the defendant's interference is motivated by malice, *id.* at 16, and plaintiff admits that it has not alleged that defendants acted maliciously.[4] Simply put, the

---

[4] Plaintiff specifically states: "Notably, in light of *the Dorsey v. N. Life Ins. Co.*, 2005 U.S. LEXIS 17742 (ED. LA. 8/15/2005) [sic], plaintiffs [sic] acknowledge that they have not asserted any allegations of 'malice' by defendants and that if this Honorable Court finds the *Dorsey* case controlling then the assertion of tortious interference with business damage claim is waived." R. Doc. No. 16, at 2 n.1; *see also* R. Doc. No. 16, at 3 n.2 (repeating the admission).

limited claim of tortious interference with business operations is not implicated by the circumstances alleged in this case.

V.

Plaintiff also has no stated claim for detrimental reliance. The theory of detrimental reliance is codified at La. Civ. Code art. 1967, which states that "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." The doctrine of detrimental reliance "is designed to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence." *Suire v. Lafayette City–Parish Consol. Gov't*, 907 So.2d 37, 59 (La. 2005). "To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Id*.

Significantly, under Louisiana law "the focus of analysis of a detrimental reliance claim *is not whether the parties intended to perform*, but, instead, whether a representation was made in such a manner that the promisor should have expected the promisee to rely upon it, and whether the promisee so relies to his detriment." *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 254 (5th Cir. 2008) (emphasis added). The Court further observes that "detrimental reliance is not favored by Louisiana law and the Court must examine the claim strictly." *Caplan v. Ochsner Clinic, L.L.C.*, 799 F. Supp. 2d 648, 657 (E.D. La. 2011) (citation omitted). Moreover, "[t]he doctrine usually functions when no written contract or an unenforceable contract exists between the

8

parties." *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 (5th Cir. 2004) (citation omitted).

Plaintiff cannot state a claim for detrimental reliance by arguing that it would not have entered into the contract if it had known that defendants did not intend to perform. "[T]he focus of analysis of a detrimental reliance claim is not whether the parties intended to perform." *Audler*, 519 F.3d at 254. Rather, the relevant question is whether defendants made some other false representation in the absence of which plaintiff would not have entered into the contract. *Id.* Plaintiff has not identified any such misrepresentation.

In addition, a valid and enforceable contract existed between the parties in this case. The doctrine of detrimental reliance "usually functions when no written contract or an unenforceable contract exists between the parties." *Drs. Bethea, Moustoukas & Weaver LLC*, 376 F.3d at 403. Given that "detrimental reliance is not favored by Louisiana law and the Court must examine the claim strictly," *Caplan*, 799 F. Supp. 2d at 657, plaintiff's detrimental reliance claim must be dismissed.

## VI.

Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice." *Watson v. Clear Channel Broad. Inc.*, No. 13-5503, 2014 WL 1246121, at *1 (E.D. La. Mar. 24, 2014) (citing *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). Such motions are "generally disfavored, and should be used sparingly" by the courts. *Calderon v. JPMorgan Chase*

*Bank, N.A.*, 2012 WL 3484683, at *1 (E.D. La. Aug. 14, 2012). Whether to strike is a matter within the Court's discretion. *See Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 458 (5th Cir. 2012).

The Court disagrees with defendants that the references in the complaint to "auction misconduct" should be stricken pursuant to Rule 12(f). Although defendants are correct that there is no cause of action for "auction misconduct," the Court will not bar the plaintiff from characterizing the defendants' conduct in those terms. Given the allegations in the complaint, the description is not so scurrilous or unfair as to warrant the extreme remedy of striking it from the complaint.

### VII.

For the foregoing reasons,

**IT IS ORDERED** that defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. The motion for a partial dismissal pursuant to Rule 12(b)(6) is **GRANTED**, but defendants' request to strike the phrase "auction misconduct" from the complaint pursuant to Rule 12(f) is **DENIED**.

New Orleans, Louisiana, November 14, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**